David H. Bernstein (dhbernstein@debevoise.com)
Michael Schaper (mschaper@debevoise.com)
Christopher Hamilton (cjhamilton@debevoise.com)
Zheng Wang (zwang@debevoise.com)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

Attorneys for Plaintiff Bayer HealthCare LLC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BAYER HEALTHCARE LLC,                          :
                                                :
                Plaintiff,            :
                                                :   13-cv-2501 (JSR)
vs.                                             :   ECF CASE
                                                :
SERGEANT'S PET CARE PRODUCTS, INC.,             :
                                                :
                Defendant.            :
                                                :
------------------------------------------------------------x

## REPLY DECLARATION OF DAVID VAN BRUNT

I, David Van Brunt, declare as follows:

1. I am Vice President of Marketing, Companion Animal Business, at plaintiff Bayer Healthcare LLC ("Bayer").

2. I submit this reply declaration on personal knowledge in further support of Bayer's Motion for Preliminary Injunction.

3. I understand that Sergeant's argues that Bayer has engaged in advertising activity almost identical to Sergeant's current advertising. I emphatically disagree. I address below two

of the advertisements Sergeant's Pet Care Products, Inc. ("Sergeant's") mentions (I already addressed the third advertisement in my earlier declaration).

4. I understand that Sergeant's argues that Bayer is making a "starts killing ticks in 10 minutes" claim similar to Sergeant's "starts dying in just minutes" claim, and that Bayer's claim must be false (and hence its hands unclean) because Bayer has stated that it has not studied the efficacy of its products less than one hour after application. Sergeants' argument is very misleading. As Bayer expressly discloses in its advertising, K9 Advantix® II ("K9 Advantix II") "starts killing ticks in 10 minutes" when ticks reinfest a dog "three days post-treatment on previously untreated dogs." Thus, the claims are not at all the same. Sergeant's is claiming that its product works within 5 minutes *after application*; Bayer's product is proven to start killing ticks quickly when they infest on a dog *three days after application* (after the product has had an opportunity to spread over the dog's entire coat). As to the accuracy of Bayer's advertising claim, I understand that two published studies substantiate Bayer's claim, but I will leave that to my colleague Dr. Wendell Davis to explain. *See* Reply Declaration of Dr. Wendell Davis, ¶ 23 (May 17, 2013).

5. I also understand that Sergeant's argues that Bayer's website features an animation of a flea or a tick that explodes immediately when it comes into contact with a dog treated with Bayer's products. The clear implication of Sergeant's argument is that the cited website is a website of Bayer HealthCare LLC (the plaintiff in this case) showing the efficacy of K9 Advantix II. That is also misleading. The cited website was created and is disseminated by a foreign affiliate of Bayer, is used only in foreign countries, and it promotes a different product (Advantix) which has a different formula (unlike K9 Advantix II, sold in the United States, Advantix does not have the active ingredient Pyriproxyfen) and which is not sold in the United

2

States. Bayer Healthcare LLC has no involvement with or control over that website and, in fact, that website does not come up within the first thirty hits when searching Google for K9 Advantix II (Bayer's U.S. product). Finally, although I think this website is completely irrelevant, based on a recent viewing of the website, it seems unlikely to me that consumers would view the rudimentary (at best) graphics as communicating a "protective shield" or otherwise comparable to the bubble imagery in Sergeant's Fiproguard Max commercial – rather, it appears to show that a protected dog can kill, repel, or destroy fleas, ticks and mosquitos.

**Advantix Website Banner**



**Fiproguard Max Bubble**



6. As noted in my earlier declaration, Bayer will suffer irreparable harm if Sergeant's is allowed to continue its false advertising campaign. The permanent loss of brand reputation, goodwill and market share are critical concerns whenever a competitor falsely compares itself to our product by name in its advertising. Indeed, the basic purpose of comparative advertising is to improve the reputation and sales of your product and detract from the reputation sales of the competitor's product.

7. These concerns are particularly important at this time in the flea and tick industry. The segment has changed substantially over the past few years. The market leading product, Frontline®, has gone off patent, leading to a number of new generic entrants (including Sergeant's products). Bayer also has changed its strategy, launching (after a tremendous investment) into the over the counter channel after having previously sold only through veterinarians. This has resulted in an enormous amount of advertising compared to previous years, as new entrants all vie for market share.

8. During this time of change in the industry, customers may be more willing than in ordinary times to change brands. Once the height of the flea and tick season passes and market shares are established, that market share is unlikely to be regained. Once consumers switch products, even if due to reliance upon false and misleading advertising claims, they rarely go back unless there is another big shake up in the market or if their new product is completely ineffective (which is not the case for any of these products at issue). Although Bayer accepts the increased competition in the field, it should not have to suffer from Sergeant's false advertising any longer and it should be given the opportunity to compete for market share during this critical time on a fair and level playing field.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed on May 17, 2013 in Shawnee, Kansas.

David Van Brunt